IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheem Robertson, #329015, | C/A No. 8:17-1763-JFA-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden Englaton,<br>Disciplinary Officer Edward Bittinger,<br>Officer Evans, | |
| Defendants. | |

Shaheem Robertson ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Evans Correctional Institution ("Evans"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff brings this lawsuit against the Warden of Evans, allegedly named Warden Englaton, the Disciplinary Officer Edward Bittinger ("Bittinger"), and Officer Evans employed at Evans. [Doc. 1.] He alleges the following facts in the Complaint. In the Kiawah Unit of Evans on May 10, 2017, Plaintiff went to Officer Evans to tell him that Plaintiff's life was in danger, and he needed to get out of the Unit. [*Id.*] Officer Evans saw that 15 to 20 inmates were trying to "get at" Plaintiff and other inmates, but he failed to remove Plaintiff or other inmates, and Officer Evans admitted it on tape at Plaintiff's disciplinary hearing. [*Id.*] Plaintiff then "had to force hisself (sic) to be remove from the Unit which resulted in multiple disciplinaries." [*Id.*] Officer Evans also failed to report that a riot was in process where

Plaintiff and other inmates were attacked. [*Id.*] But, Officer Evans did report the incident at the time Plaintiff and other inmates were attacked by inmates. [*Id.*] As a result of the attack, Plaintiff suffered injuries to his head, shoulder, and eye, "at which Plaintiff never seen medical," and emotional distress. [*Id.*]

Plaintiff alleges he "was wrongfully convicted by DHO Bittinger, and when Plaintiff grieved the situation to the Warden Englaton he fail (sic) to remedy the issue or matter. Evidence that supports this claim is the May 25th D.H.O. recording." [*Id.*] Plaintiff seems to allege that on May 25, 2017, he was found guilty of disciplinary violations arising out of the May 10, 2017, incident, and during the hearing Plaintiff claimed self-defense and indifference by Officer Evans. [*Id.*] He also alleges that the Warden rejected Plaintiff's Step 1 grievance and "would not let him advance to Step 2." [*Id.*]

Plaintiff alleges the following constitutional violations: Eighth Amendment deliberate indifference based on failure to protect, Fourteenth Amendment due process and equal protection violations, and false imprisonment. [*Id.*]

Plaintiff seeks a "transfer because his life is in danger in the Evans institution, from relief of the TRO[1]," and he requests $75,000. [*Id.*]

### **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

---

[1]As part of his relief, Plaintiff requests a TRO transfer. There is no pending motion for TRO.

2

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). As explained below, this Court finds that Plaintiff does not allege a plausible claim under any of his legal theories.

First, to the extent that Plaintiff may be attempting to prove that his disciplinary convictions that he received based on the May 10, 2017, incident were in fact wrongfully

4

imposed because allegedly he acted in self-defense and Officer Evans refused to help him get out of the Unit, this civil action is not the proper avenue to bring a claim seeking to vacate his disciplinary convictions. An action for habeas corpus relief, after fully exhausting state remedies, is the more appropriate vehicle for challenging Plaintiff's disciplinary conviction. *See Fox v. Ward*, C/A No. 3:06-3439-TLW-JRM, 2008 WL 550115, at *5 (D.S.C. Feb. 25, 2008).

Plaintiff also fails to state a plausible § 1983 claim seeking damages based on the alleged wrongful disciplinary convictions. Plaintiff cannot bring a § 1983 claim alleging that his SCDC disciplinary convictions violated his constitutional rights because he does not allege that those convictions have already been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648–49 (1997) (an inmate's claim for declaratory relief that necessarily implies the invalidity of the disciplinary conviction and punishment is not cognizable pursuant to § 1983 where the disciplinary conviction has not been invalidated). In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

5

> or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008); *see also Bryan v. SCDC*, C/A No. 3:08-846-RBH-JRM, 2009 WL 3166632 at *5 (D.S.C. Sept. 29, 2009) (noting that a plaintiff cannot maintain a § 1983 action for injunctive relief related to a disciplinary hearing where a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding).

The *Heck* holding applies to this case. Plaintiff alleges he was wrongfully convicted on May 25, 2017, of several charges in a disciplinary proceeding by Bittinger, and Plaintiff does not allege that the convictions have been overturned. And, Plaintiff seems to sue the Warden for his failure to overturn Bittinger's decision (i.e., for upholding the disciplinary convictions). A favorable determination on the merits of Plaintiff's § 1983 claim against Bittinger and the Warden would imply that Plaintiff's disciplinary convictions and punishment were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his disciplinary convictions, this § 1983 claim should be dismissed because a right of action has not accrued.[2] *See Frierson v. RC Turner, DHO*, C/A No. 5:13-966-MGL, 2013 WL 6193158, at *1 (D.S.C. Nov. 26, 2013) (holding that § 1983 claim for damages based on disciplinary proceedings was not cognizable because Plaintiff had not shown that the institutional conviction had been invalidated); *Barton v. Brown*, C/A No. 1:13-2380-JFA, 2013 WL 5526088, at *1 (D.S.C. Oct. 4, 2013) (explaining

---

[2]Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *Report and Recommendation adopted by*, 2010 WL 2722992 (D.S.C. July 9, 2010).

that the holding in *Heck* applies to a prisoner's claim for damages regarding loss of good time credits).

Notably, Plaintiff does not allege whether he lost any good time credits as a result of his disciplinary convictions, and he does not appear to request restoration of good time credits as relief. [*See* Doc. 1.] This Court acknowledges that a plaintiff may bring a § 1983 claim based on due process violations in a disciplinary proceeding pursuant to *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), where the plaintiff does not request restoration of good time credits provided the plaintiff's challenge does not threaten a consequence for his conviction or the duration of his sentence. *See Crawford v. Hunt*, C/A No. 8:15-1362-MGL, 2016 WL 4232885, at *3–4 (D.S.C. Aug. 11, 2016). That is not the case here.

This Court takes judicial notice that the SCDC website indicates that Plaintiff had two disciplinary violations imposed on May 10, 2017 (possession of a weapon and inciting/creating a disturbance). *See* South Carolina Department of Corrections, https://doc.sc.gov/InmateSearchDisclaimer.html (enter the SCDC ID number "329015", and click on name) (last visited August 1, 2017). For those disciplinary convictions, the SCDC website indicates that Plaintiff lost 6 days and 29 days of good time including other lost privileges, and he was sent to disciplinary detention for a period of time. *Id.* Therefore, even if Plaintiff has not directly asked for restoration of good time credits, this lawsuit, if successful, would find for Plaintiff that his disciplinary convictions were invalid and thus threaten consequences for the duration of his sentence. *Cf. Crawford v. Hunt*, C/A No. 8:15-1362-MGL, 2016 WL 4232885, at *3–4 (D.S.C. Aug. 11, 2016).

Additionally, even liberally construing the Complaint, Plaintiff alleges no violations of due process that are cognizable under *Wolff*, such as that the minimum procedural due

process safeguards were not met. Upon review, Plaintiff's allegations simply do not raise a plausible *Wolff* due process violation; he only asserts that his disciplinary convictions were wrongful and that the evidence to support his claim is the May 25, 2017, DHO recording.

Similarly, Plaintiff's failure to protect claim against Officer Evans fails to state a plausible claim because of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As explained above, the incident related to the alleged failure to protect Plaintiff on May 10, 2017, is based upon the same facts upon which Plaintiff was convicted of disciplinary violations by Bittinger where Plaintiff had testified at the hearing that he acted in self-defense and that Officer Evans had been indifferent to helping him. Thus, if Plaintiff in this lawsuit could successfully prove that Officer Evans with deliberate indifference failed to protect Plaintiff from other inmates, this would imply that the disciplinary convictions were invalid.

With respect to Plaintiff's alleged equal protection claim, this Court cannot discern any factual allegations of how Plaintiff was treated differently from others with whom he was similarly situated and that the unequal treatment was the result of intentional discrimination. *See Williams v. Ozmint*, 726 F. Supp. 2d 589, 592–93 (D.S.C. 2010).

Although Plaintiff mentions that he suffered physical injuries on May 10, 2017, for which he did not see medical, Plaintiff does not allege a plausible claim for deliberate indifference based on failure to provide medical care for a serious medical need. Plaintiff does not allege why he did not see medical for the injuries or that any defendant acted with the necessary state of mind to support a § 1983 claim. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013). Moreover, the defendants are alleged to be administrative prison officials as opposed to medical prison officers; and, Plaintiff does not allege any facts to

show that the administrative defendants interfered with his receipt of proper medical care. *Id.*

Lastly, Plaintiff requests a transfer (by way of TRO relief) "because his life is in danger in the Evans institution." No other facts are alleged about the reasons that Plaintiff currently believes he is in danger or whether he has alerted any SCDC official about it. A prisoner may state a violation of the Eighth Amendment prior to the injury occurring where the prisoner can prove an extreme deprivation which may be demonstrated by showing a substantial risk of serious harm resulting from the prisoner's exposure to the challenged condition. *See Germain v. Shearin*, 531 F. App'x 392 (4th Cir. July 3, 2013). In other words, if a plaintiff alleges a prison condition that presents a risk sure or very likely to cause serious illness or needless suffering and gives rise to sufficiently imminent dangers, a plaintiff may state a plausible § 1983 claim and file the lawsuit without waiting for the injury to occur. *See Baze v. Rees*, 553 U.S. 35, 49–50 (2008). In the instant case, Plaintiff does not allege any facts to indicate that he is exposed to an imminent danger or a current prison condition that indicates a risk sure or very likely to cause serious illness or needless suffering other than his own subjective belief that his life is in danger at Evans. As such, he fails to allege a plausible risk of an Eighth Amendment claim. *See Williams v. Ozmint*, 726 F. Supp. 2d 589 (D.S.C. 2010) (finding insufficient proof of objectively intolerable risk of harm that qualifies as cruel and unusual where the plaintiff stated wearing a pink jumpsuit possibly affects his future health).

And, Plaintiff also fails to allege a plausible TRO claim because his requested relief of a transfer is not available through this lawsuit. South Carolina law confers no protected liberty interest upon SCDC inmates from being placed in a particular prison, in a particular

section of the prison, or being placed in administrative segregation. *See Phillips v. South Carolina Dep't of Corr.*, C/A No. 8:10-1331-HFF-BHH, 2010 WL 2756910 (D.S.C. June 17, 2010), *Report and Recommendation adopted by,* 2010 WL 2754223 (D.S.C. July 12, 2010). Because Plaintiff is committed to the custody of SCDC, the choices of where Plaintiff is to be confined are to be determined by SCDC prison officials without interference by the federal courts. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

## RECOMMENDATION

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

August 1, 2017  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).